UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| TRACY BENNER, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:20-cv-05937 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TRACY BENNER ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Florida and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Florida.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Escambia County, Florida, which is located within the Northern District of Florida.

5. As reflected on its website, Defendant is a self-proclaimed debt collector.[1] Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a defaulted credit card debt ("subject debt") that Plaintiff purportedly owes to CitiBank, N.A. ("CitiBank").

8. Plaintiff used the CitiBank credit card to make purchases for his personal and family use.

9. Upon information and belief, after Plaintiff's purported default on the subject debt in the amount of $1,195.13, the subject debt was charged off by CitiBank and turned over to Defendant for collection purposes.

10. On or around August 26, 2020, Defendant mailed or caused to be mailed a collection letter to Plaintiff.

11. Defendant's August 26th collection letter was enclosed in an envelope that prominently displayed the words "**TIME SENSITIVE DOCUMENT"** on its exterior in bold font.

12. When Plaintiff observed the **TIME SENSITIVE DOCUMENT** envelope, his attention was immediately drawn to the formatting of the words **TIME SENSITIVE DOCUMENT**.

---

[1] https://www.midlandcreditonline.com/who-is-mcm/

13. Reading the words "**TIME SENSITIVE DOCUMENT**" caused Plaintiff to worry about the contents of the unknown letter, as Plaintiff was unsure as to what time sensitive matters of his would be properly subject to communications via mail. Plaintiff immediately grew nervous and anxious to learn the contents of the letter.

14. The envelope's inclusion of the words "**TIME SENSITIVE DOCUMENT**" on the exterior created a false sense of urgency for Plaintiff who was unable to address the subject debt, in turn creating unnecessary distress in Plaintiff.

15. As a result of the **TIME SENSITIVE DOCUMENT** disclosure on the envelope, Plaintiff immediately opened the collection letter to determine what time sensitive information was contained within the letter.

16. Plaintiff was worried, anxious, and nervous to figure out what time sensitive information he was receiving from a completely unknown sender.

17. Upon opening the collection letter, Plaintiff read the words "PRE-LEGAL NOTIFICATION" followed by the account details and Defendant seeking payment of the subject debt in the amount of $1,195.13.

18. Subsequently, Defendant's letter included a statement threatening with legal action if payment isn't received from Plaintiff by September 25, 2020.

19. As a result of Defendant's harassing collection letter containing threats of legal action caused Plaintiff to worry and created unnecessary distress as to avoiding any kind of legal action.

20. Upon information and belief, Defendant routinely sends collection letters inside of envelopes marked **TIME SENSITVE DOCUMENT** in an attempt to cause the unsophisticated consumers to open the envelopes, read the enclosed letter, and call Defendant about the debt.

21. Defendant has determined that it collects more money from consumers when it sends letters in "**TIME SENSITVE DOCUMENT"** envelopes.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion and aggravation.

23. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

24. In an effort to address the confusion created by Defendant, Plaintiff lost time and resources going about addressing Respondent's conduct.

25. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt by threatening to take legal action and only giving Plaintiff until a specific date for payment. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" printed on an envelope dated August 26, 2020, containing a collection letter. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA. Defendant's actions only served to worry and confuse Plaintiff and were done in a deceptive and misleading attempt to compel Plaintiff to address the subject debt with Defendant.

### b.  Violations of the FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. In addition, this section enumerates specific violations, such as:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use her business name if such name does not indicate that she is in the debt collection business." 15 U.S.C. §1692f(8).

36. Defendant violated § 169f(8) when it unfairly attempted to collect upon the subject debt.

Any reasonable fact finder will conclude that Defendant's inclusion of "**TIME SENSITIVE DOCUMENT"** on the front of the envelope violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENT**". Upon information and belief, Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENT**" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENT**".

WHEREFORE, Plaintiff, TRACY BENNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 10, 2020

Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com